**Alfredo GARCIA–MARTINEZ,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**
**General, Respondent.**

No. 07–72908.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed March 25, 2010.

Christopher J. Todd, Esquire, Mill Valley, CA, for Petitioner.

Saul Greenstein, Esquire, Trial, OIL, John C. Cunningham, Esquire, Linda S. Wendtland, Esquire, Norah Ascoli Schwarz, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Alfredo Garcia–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

Garcia–Martinez has waived any challenge to the BIA's dispositive conclusion that his second motion to reopen was untimely and number-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent that Garcia–Martinez challenges the agency's previous orders, we

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lack jurisdiction because this petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

Garcia–Martinez's contention that the BIA abused its discretion by incorrectly construing his motion, in the alternative, as a request for reinstatement of voluntary departure is unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.